# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES FRANCIS,<br>　　　Petitioner, | Case No. 1:16-cv-606 |
| vs. | Barrett, J.<br>Wehrman, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss the petition as time-barred (Doc. 7), which petitioner opposes. (Doc. 10, 12). For the reasons stated below the undersigned recommends that the motion be denied.

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On October 5, 2011, the Butler County, Ohio, grand jury returned a four-count indictment charging petitioner with four counts of rape. (Doc. 6, Ex. 1). Petitioner, through counsel, entered a plea of not guilty to all counts. Petitioner subsequently withdrew his not-guilty plea and pled guilty. (Doc. 6, Ex. 2). On April 23, 2012, petitioner was sentenced to a total aggregate prison sentence of twenty years to life in the Ohio Department of Corrections. (Doc. 6, Ex. 3).

### Delayed Appeals

On May 24, 2012, petitioner filed a notice of appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 4). The Court of Appeals dismissed the appeal as untimely on June 19, 2012. (Doc. 6, Ex. 5).

On December 11, 2012, petitioner filed a second notice of appeal and a motion for leave to file a delayed appeal, through counsel. (Doc. 6, Ex. 6, 7). On January 31, 2013, the Ohio appeals court denied the motion and dismissed the case with prejudice. (Doc. 6, Ex. 8).

**Post-Conviction Petition**

Meanwhile, on November 11, 2012, petitioner, through counsel, filed a post-conviction petition arguing that he received the ineffective assistance of trial counsel. (Doc. 6, Ex. 9). The State and petitioner subsequently filed cross motions for summary judgment. (Doc. 6, Ex. 11, 12). The trial court denied the petition on April 16, 2013. (Doc. 6, Ex. 13).

Petitioner filed a timely appeal from the trial court's decision (Doc. 6, Ex. 14). On February 10, 2014, the Court of Appeals granted petitioner's appeal in part, reversing the trial court's judgment and remanding the matter to the trial court for it to rule on his ineffective assistance of counsel claim relating to counsel's failure to file a timely notice of appeal. (*See* Doc. 6, Ex. 21).

Petitioner filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court on March 27, 2014. (Doc. 6, Ex. 22, 23). On May 23, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 6, Ex. 25).

**Remand to Trial Court**

On March 11, 2014, on remand from the Ohio Court of Appeals, the trial court *sua sponte* entered an amended judgment of conviction entry, deleting any reference to post-release control. (Doc. 6, Ex. 25). The trial court dismissed the post-conviction petition on August 13, 2014. (Doc. 6, Ex. 27).

Petitioner filed a notice of appeal from the trial court's decision on September 11, 2014.

(Doc. 6, Ex. 28). On June 28, 2015, the Ohio Court of Appeals overruled petitioner's assignment of error and affirmed the judgment of the trial court. (Doc. 6, Ex. 30).

Petitioner did not seek further review in the Ohio Supreme Court.

## Federal Habeas Corpus

On June 3, 2016, petitioner, through counsel, filed the instant federal habeas corpus petition. (Doc. 1). Petitioner raises the following ground for relief in the petition:

> Francis received ineffective assistance when his trial attorney provided grossly inaccurate information regarding Francis' sentence and sentencing exposure, resulting in prejudice. 6th Amendment.

(*Id.* at PageID 2–3).

On November 11, 2016, respondent filed a motion to dismiss the petition as time-barred. (Doc. 7). According to respondent, petitioner's conviction became final on May 23, 2012, thirty days after his April 23, 2012 conviction and, accounting for statutory tolling, expired on January 6, 2016.

On January 17, 2017, petitioner filed a memorandum in opposition to the motion to dismiss. (Doc. 10). Petitioner maintains that the statute of limitations was reset by the trial court's March 11, 2014 resentencing and that his petition is therefore timely

Respondent filed a reply on February 2, 2017. (Doc. 11). According to respondent, the Sixth Circuit Court of Appeals' decision in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), forecloses petitioner's argument. (Doc. 11). In *Crangle*, the Sixth Circuit ruled that a *nunc pro tunc* order adding a previously omitted post-release control term constituted a "new judgment" that served to reset the statute of limitations. However, the Sixth Circuit noted that the limitations period is not reset where a sentence modification benefits the petitioner:

3

> Our analysis is consistent with a line of cases in which a limited resentencing benefits the prisoner, such as in a sentence-reduction proceeding under 18 U.S.C. § 3582(c) or Criminal Rule 35(b). Such sentence modifications, federal law provides, do not disturb the underlying initial judgment, which continues to "constitute[ ] a final judgment." 18 U.S.C. § 3582(b). As several other courts of appeals have noted, such "a reduced sentence [is] not a new one." United States v. Jones, 796 F.3d 483, 485 (5th Cir. 2015) (§ 3582(c)); see, e.g., White v. United States, 745 F.3d 834, 836–37 (7th Cir. 2014) (§ 3582(c)); United States v. Olvera, 775 F.3d 726, 729 (5th Cir. 2015) (Rule 35(b)); Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011) (Rule 35(b)) (collecting cases); see also Reichert v. United States, 101 Fed.Appx. 13, 14 (6th Cir. 2004) (Rule 35(b)). A new, worse-than-before sentence, by contrast, amounts to a new judgment. See Burton, 549 U.S. at 156–57, 127 S.Ct. 793.

*Crangle,* 838 F.3d at 678. Because the trial court's March 11, 2014 amended judgment of conviction entry omitted post-release control, respondent maintains that it did not reset the statute of limitations and the petition remains time-barred.

Finally, on April 13, 2017, petitioner filed a notice of state court entry. (Doc. 12). Therein, petitioner notified the court of an April 11, 2017 sentencing entry that re-imposed post-release control for petitioner's offenses. (Doc. 12). Petitioner contends that the new sentencing entry resets the statute of limitations under *Crangle.*

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE DENIED

In light of the most recent state court entry re-imposing post release-control, respondent's motion to dismiss should be denied. Upon review of the Butler County Clerk of Court's online docket, it appears that petitioner filed a "motion for nunc-pro-tunc resentencing due to void sentence that failed to impose post release controls" on January 17, 2017.[1] Petitioner argued that he was subject to mandatory post release control as a result of his conviction, but that the trial court erroneously removed post-release control in its March 11, 2014 amended judgment entry.

---

[1] Found at http://pa.butlercountyclerk.org/eservices/home.page.2 under Case No. CR 2011-09-1533.

On April 11, 2017, the trial court entered a *nunc pro tunc* order, which notified petitioner "that post release control is mandatory for five (5) years," as well as the consequences for violating its conditions. (Doc. 12-1, Entry at PageID 299).

As noted above, in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), the Sixth Circuit held that a *nunc pro tunc* order imposing post-release control amounts to a new judgment that resets the one-year statute of limitations to file a habeas corpus petition. Accordingly, in light of the trial court's April 11, 2017 order, petitioner's habeas petition—filed on June 3, 2016—is not time-barred and respondent's motion to dismiss the petition (Doc. 7) should be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **DENIED**.
2. The Court order respondent to file a return of writ **within sixty (60) days** of any decision adopting this Report and Recommendation in accordance with this Court's Order of June 9, 2016.

     s/ J. Gregory Wehrman
     J. Gregory Wehrman
     United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES FRANCIS,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | Case No. 1:16-cv-606<br><br>Barrett, J.<br>Wehrman, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).