# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES FRANCIS,

            Petitioner,    :    Case No. 1:16-cv-606

  - vs -                           District Judge Michael R. Barrett
                                Magistrate Judge Michael R. Merz

WANZA JACKSON-MITCHELL,
 Warden, Warren Correctional
Institution

                                :

            Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 25). District Judge Barrett has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 32).

James Francis was indicted on four counts of rape of a child under the age of ten; two different victims were involved. The penalty upon conviction of any of those counts would have been life imprisonment without the possibility of parole. After plea negotiations, Francis pleaded guilty to all four counts with the age specification dismissed. The sentence provided by law for each offense is ten years to life. The trial judge imposed that sentence and ran the terms consecutively because there were two victims.

In this habeas corpus case, Francis contends he received ineffective assistance of trial counsel when his trial attorney promised him a sentence of a flat ten years. He made no such claim

1

at the time he was sentenced, but first raised this claim in a petition for post-conviction relief under Ohio Revised Code § 2953.21. The Ohio Twelfth District Court of Appeals rejected Francis' claim. *State v. Francis,* 2014-Ohio-443, 8 N.E.3d 371 (Ohio App. 12th Dist. Feb. 10, 2014), appellate jurisdiction declined, 139 Ohio St. 3d 1401 (2014) (*Francis I*); after remand, *State v. Francis*, Ohio App. 12th Dist. Butler No. CA2014-09-187, 2015-Ohio-2221 (Jun. 8, 2015)(*Francis II*).[1]

The principal question before this Court is what effect to give to the Twelfth District's decision. The Report found that *Francis I* was entitled to deference under the AEDPA and that Francis was therefore not entitled to habeas relief (ECF No. 25). Francis raises a series of objections which will be discussed *seriatim*.

Counsel begins his Objections by asserting Francis' trial lawyer was "inexperienced and new." (Objections, ECF No. 31, PageID 394.) Where does this fact appear in the record? No record reference is provided. The Objections make many assertions about whether certain facts were or were not found by the state courts, but they lose credibility when they begin with habeas counsel's mere assertion of a rhetorically prejudicial fact, unsupported by evidence, which is obviously intended to color the whole discussion of trial counsel's performance, suggesting the Court should presume an "inexperienced and new" attorney would be more prone to provide ineffective assistance. Even if the Court should indulge that presumption,[2] where is the evidence to support the assertion?

---

[1] Francis did not appeal to the Supreme Court of Ohio from this second appellate decision.
[2] Actually, the presumption under *Strickland v. Washington,* 466 U.S. 668 (1984), is that any licensed attorney can provide effective assistance.

**Objection One: The Ohio Courts Did Not Decide Francis's Claim on the Merits**

The predicate for deference under the AEDPA as codified at 28 U.S.C. § 2254(d)(1) and (2) is that the state courts decided the federal constitutional claim in question on the merits. The Report concluded that the Ohio courts had decided Francis' ineffective assistance of trial counsel claim on the merits (ECF No. 25, PageID 375-78).

Francis objects:

> The postconviction court did not review Francis' or his lawyer's affidavits that depicted the sentencing advice. It stated "[w]hatever conversations and directives occurred between counsel and client outside the record may not be utilized to overcome the burden for post-conviction relief." . . . So the postconviction court made no factual findings-concluding that Francis' postconviction affidavits were somehow outside the postconviction record and unavailable to review.

(Objections, ECF No. 31, PageID 395-96, quoting Decision and Entry Denying Petition for Postconviction Relief, State Court Record, ECF No. 6, Ex. 13, PageID 87.) Francis relied on this excerpt to claim the trial court did not consider his trial attorney's affidavit, but the immediately preceding sentence reads: "Francis's petition for postconviction relief fails because the claimed ineffective assistance regarding the plea and subsequent imposition of sentence, **even with counsel's affidavit**, is diametrically opposite of reality as evidenced by the recorded proceedings." (ECF No. 6, PageID 87.) At several points in the Decision, Judge Sage adverts to the critical decision in Ohio law about ineffective assistance of trial counsel claims: those which can be proved from the record on direct appeal must be made on direct appeal or be barred by *res judicata*; those which depend on evidence outside the record must be made in a post-conviction petition supported by affidavit. *State v. Cheren,* 73 Ohio St. 3d 137 (1995)(*per curiam*), following

3

*State v. Perry*, 10 Ohio St. 2d 175 (1967). Judge Sage expressly cites *Perry* for this point at ECF No. 6, PageID 84.

Francis then objects that "[t]he Ohio Court of Appeals ignored the postconviction court's holding that Francis' postconviction affidavits were outside the postconviction record and unavailable for review. It acted as if the postconviction court had rejected the claim by considering Francis' evidence." (Objections, ECF No. 31, PageID 396.) But that was not the holding of the trial court at all. Clearly understanding the distinction deeply embedded in Ohio law[3] between ineffective assistance of trial counsel claims which must be raised on direct appeal and those that can be raised only in post-conviction by presenting evidence outside the record, Judge Sage found that trial counsels' affidavit was plainly contradicted by the plea colloquy and therefore was insufficient substantive evidence on which to grant relief. In affirming, the Twelfth District found that Judge Sage had "undoubtedly considered Francis' and his trial counsel's affidavits, both of which were evidence dehors the record. . . ." *Francis II*, 2015-Ohio-2221 at ¶ 15.

In sum, the Objection that the Ohio courts did not decide Francis' claim on the merits should be overruled.

**Objection Two: The Postconviction Court Decided a *Boykin* Claim Rather than Francis' *Strickland* Claim**

Francis next objects that the postconviction court improperly reframed his claim as if it were a claim under *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969), rather than *Strickland*. The Report rejected this argument, finding that the Ohio courts had adverted to the plea colloquy not to show that the plea was knowing, intelligent, and voluntary, but because Francis' statements

---

[3] *Perry* was decided fifty-two years ago.

during the plea colloquy were used to assess the credibility of the affidavits in post-conviction (Report, ECF No. 25, PageID 378-79).

Francis objects that

> [The Report] failed to acknowledge 6th Circuit precedent holding i) that a *Boykin* claim is distinct from a *Strickland* claim for a grossly misrepresented sentence, *McAdoo [v. Elo,* 365 F.3d 487 (6th Cir. 2004)] above, and ii) that no AEDPA deference applies when the presented claim was ignored and a distinct claim was addressed and adjudicated. *[Ray v.] Maclaven* [665 Fed. Appx. 301 (6th Cir. 2016)] and *Nichols [v. Heidle*, 725 F.3d 516, 556 (6th Cir. 2013),] above.

(Objections, ECF No. 31, PageID 397.)

The Magistrate Judge acknowledges that *McAdoo* is published binding precedent of the Sixth Circuit. However, the other two cases are not cited in the Traverse at all, so the Report had no occasion to acknowledge them, much less discuss them. McAdoo made three claims in habeas, to wit, that his plea was involuntary, that the plea bargain was illusory, and that he received ineffective assistance of trial counsel when his attorney advised him of the consequences of the plea. *McAdoo*, 365 F.3d at 493. The Sixth Circuit did indeed decide these three claims separately, but there is no holding of the court about separating *Boykin* and *Strickland* claims because there was no assertion the district court or the state courts had confused them.

Nor was there any such confusion here. Both the post-conviction court and the Twelfth District clearly decided the ineffective assistance of trial counsel claim. Judge Sage cited *Strickland*, and *State v. Bradley,* 42 Ohio St. 3d 136 (1989), the case in which the S*trickland* standard was recognized as binding in Ohio. (Decision, State Court Record, ECF No. 6, PageID 86.) The Twelfth District also expressly relied on *Strickland. Francis I* at ¶ 23.

Francis's second objection should be overruled.

**Objection Three: The Ohio Courts Unreasonably Decided the Facts**

In his Third Objection, Francis complains that the Report did not address his argument that the Ohio courts unreasonably determined the facts (Objections, ECF No. 31, PageID 397). Francis asserts the Ohio courts, both trial and appellate, made factually unreasonable decisions because they did not consider Francis' postconviction evidence.

For reasons given above as to the First Objection, the Third is not well taken. The Twelfth District clearly held Judge Sage had considered the affidavits and the Report found, as noted above, that was a fair reading of Judge Sage's decision.

**Objection Four: Francis Is Entitled to Relief on the Merits**

Because the Magistrate Judge found the state court decisions were entitled to deference under the AEDPA, the analysis of the merits was not *de novo*. The Report agreed with Francis that giving misinformation about the direct consequences of a plea constitutes deficient performance, satisfying the first prong of *Strickland*. But deferring to the state court findings of fact, the Report concluded Francis had not proved the bad advice was given (Report, ECF No. 25, PageID 380). The Objections assert "this ignores the fact that the lawyer was new and inexperienced." (Objections, ECF No. 31, PageID 399.) We must again inquire, where is the proof of this fact? It is undisputed that the lawyer, however young or lacking in experience he may have been, was an attorney at law licensed to practice in Ohio. From that fact flows the presumption under *Strickland* that he provided effective assistance.

Francis also objects to the Report's conclusion that he did not show prejudice as required

by the second prong of *Strickland* (Objections, ECF No. 31, PageID 399). The Report noted that Francis had not shown why it would have been rational to reject the plea bargain. Had he been convicted of even one of the four rape counts, he would have faced a mandatory life without parole sentence. He argued in his Traverse that the victims had recanted their testimony, but no record reference was offered and neither that evidence nor any protestation of innocence was before the post-conviction court.

Francis' Fourth Objection should also be overruled.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 2, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).