UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES FRANCIS,

    Petitioner,

v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

Case No.: 1:16-cv-606
JUDGE DOUGLAS R. COLE
Magistrate Judge Michael R. Merz

## ORDER

This cause comes before the Court on Petitioner's Objections (ECF Nos. 31, 34) to the Magistrate Judge's Reports and Recommendations. (ECF Nos. 25, 33). As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), this Court has made a *de novo* review of the record in this case. For the reasons more fully set forth below, the Court **OVERRULES** Plaintiff's Objections (ECF Nos. 31, 34) and **ADOPTS** the Magistrate Judge's Reports and Recommendations (ECF Nos. 25, 33). Accordingly, the Court **DISMISSES** the Petition (ECF No. 1) **WITH PREJUDICE**. As reasonable jurists could not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit any appeal would be objectively frivolous. Therefore, Petitioner should not be permitted to proceed *in forma pauperis*. The Clerk is **ORDERED** to terminate the instant case.

### I.    FACTS & PROCEDURAL HISTORY

In October 2011, a Butler County grand jury indicted Petitioner James Francis, ("Francis") then 36, on four counts of rape of a child under the age of ten. (ECF No. 25, PageID 370). Those charges involved two victims, and a conviction on any one of the counts would have resulted in a mandatory life sentence without parole. (*Id.*). On March 7, 2012, pursuant to a plea agreement

1

between Francis and the prosecutor, Francis pled guilty on all counts conditioned on the age specifications being dismissed. (*Id.*). The dismissal of those specifications meant Francis faced sentences of ten years to life for each count, rather than a mandatory life sentence for each count. (*Id.* at PageID 380). Based on the plea, the trial court sentenced Francis on all four counts, with the sentences on Counts One and Two to run concurrently, and the sentences on Counts Three and Four also to run concurrently. (ECF No. 6. PageID 20–21). As a result, Francis received an aggregate sentence of twenty years to life. (*Id.*). Francis then filed an untimely direct appeal to the Twelfth District Court of Appeals challenging his sentence, which the appeals court dismissed on timeliness grounds. (ECF No. 6, PageID 266). Francis filed a motion for delayed appeal, which the Twelfth District also denied. (*Id.* at PageID 267).

Francis next filed a petition for post-conviction relief under Ohio Revised Code § 2953.21, claiming ineffective assistance of trial counsel, to which he attached two affidavits: one on his own behalf and the other by his trial attorney. The petition essentially pressed one claim—ineffective assistance—based on two issues: (i) his counsel's alleged failure to inform him the plea deal called for a sentence of up to ten years *per count*, not ten years "flat," and (ii) his counsel's alleged failure to notify Francis that he had thirty days in which to appeal the sentencing decision. (ECF No. 25, PageID 373). The post-conviction court dismissed his petition on cross-motions for summary judgment. (ECF No. 25, PageID 370). Francis appealed to the Twelfth District, which affirmed the trial court's order denying the claim of ineffective assistance of trial counsel based on the alleged failure to accurately disclose to him the consequences of the plea; but it vacated and remanded as to the trial court's jurisdiction to consider the ineffective assistance of counsel claim for failure to properly advise Francis regarding the appeal window. (ECF No. 6, PageID 267–68). On remand, the post-conviction court heard and denied that latter claim, finding trial counsel had

2

advised Francis of the thirty-day limit for filing an appeal. (*Id.* at PageID 272–73). The Twelfth District affirmed. (*Id.*). Francis did not appeal to the Ohio Supreme Court, but instead filed this habeas corpus petition on June 3, 2016.

On March 5, 2019, the Magistrate Judge issued his initial Report and Recommendations to dismiss the petition. (ECF No. 25). Francis filed timely objections. (ECF No. 31). The District Court recommitted the matter to the Magistrate Judge for initial consideration of the objections. (ECF No. 32). The Magistrate Judge then issued a Supplemental Report and Recommendations on July 30, 2019, recommending overruling the objections and dismissing the petition. (ECF No. 33). Francis again filed timely Objections. (ECF No. 34). Those objections are now before this Court.

## II. LAW & ANALYSIS

Francis makes several objections to the Magistrate's Supplemental Report and Recommendations, largely rehashing his objections to the original Report and Recommendations. (*See* ECF Nos. 31, 34). As a general matter, Francis claims that the Magistrate Judge erred in denying him relief based on his allegations of ineffective assistance of trial counsel, allegations that largely rest on Francis's claim that his trial attorney advised him that, if he pled guilty, he faced a guaranteed sentence of ten years "flat." More specifically, Francis claims that the Magistrate Judge erred in not recognizing that: (1) that the state court improperly failed to decide the ineffective assistance claim on its merits; (2) that the state post-conviction court improperly framed his claim as a *Boykin* claim rather than a *Strickland* claim, and thus denied the claim on improper grounds; (3) that the state court was unreasonable; and (4) that he should be given relief on the merits. The Magistrate Judge rejected all of these arguments and this Court agrees.

First, Francis argues the Twelfth District never determined his post-conviction petition "on the merits" because the court did not review the affidavits attached to the petition.

3

(ECF No. 34, PageID 410). In his view, such an omission eliminates the deference this Court owes to the Twelfth District under the Antiterrorism and Efficient Death Penalty Act of 1996. *See* 28 U.S.C. § 2254. *But see e.g.*, *Pike v. Gross*, 396 F.3d 372, 378 (6th Cir. 2019) (noting the standard to overturn a state conviction on the merits under AEDPA is "difficult to meet and highly deferential … [and] demands state-court decisions be given the benefit of the doubt.") (quotation and citation omitted).

Contrary to Francis's contentions, the Supplemental Report indicates no such omission occurred and the Twelfth District denied the post-conviction petition on the merits. More specifically, the Twelfth District reviewed and considered the trial attorney's affidavit, but determined that, because the affidavit "was plainly contradicted by the plea colloquy," it was insufficient to establish a basis for post-conviction relief. (ECF No. 33, PageID 404). Thus, contrary to the petitioner's claims, the Twelfth District (and the post-conviction court) *did* review the contents of the affidavits. Since Francis's first and third objections likewise rely on his assertion the Twelfth District never conducted such review or analysis, the Magistrate Judge did not find these objections convincing. (ECF No. 33, PageID 405). This Court agrees.

Second, Francis's "on the merits" ineffective-assistance-of-counsel claim as to the plea deal also fails under *Strickland v. Washington*, 466 U.S. 668 (1984), and its Ohio corollary, *State v. Bradley*, 42 Ohio St. 3d 136 (1989). Francis argues the post-conviction court misconstrued his claim by classifying it as a *Boykin* claim, challenging whether he made a knowing, intelligent, and voluntary plea, instead of analyzing it separately as a *Strickland* claim for ineffective assistance based on his counsel grossly misrepresenting the potential consequences of the plea. *See McAdoo v. Elo*, 365 F.3d 487, 495–500 (6th Cir. 2004). *See also Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969). This conflation would, in Francis's opinion, remove AEDPA deference to the state court's

decision. The principal problem with that argument, though, is that the record does not bear out Francis's claim of confusion.

To start, both the post-conviction court and the Twelfth District clearly decided the ineffective assistance of trial counsel claim; the Twelfth District explicitly cited to *Strickland*, (ECF No. 33, PageID 406), undercutting Francis's claim that those courts failed to conduct a *Strickland* analysis. They did such an analysis; Francis simply lost. Nor is that surprising on the record here. Under *Strickland*, to succeed on an ineffective assistance of counsel claim the petitioner must show both: (1) his attorney's performance was deficient, and (2) that this deficiency prejudiced the petitioner. *See Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010). (*See also* ECF No. 25, PageID 404–06). Although the initial Report correctly noted that misinformation regarding a plea could satisfy *Strickland*'s first prong, Francis cannot establish that he suffered any prejudice that would allow him to satisfy *Strickland*'s second prong. (ECF No. 33, PageID 407).

Specifically, Francis cannot show that he suffered any prejudice as a result of his attorney's alleged failure to accurately describe the consequences of the plea. *Accord Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (discussing trial counsel's failure to raise an affirmative defense and quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984) ("It is inconceivable to us … that the defendant would have gone to trial … or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have gotten a shorter sentence than he actually received.")). To borrow the Seventh Circuit's phrase from *Evans*, it is inconceivable to this Court that Francis would have rejected the plea bargain and risked a conviction on four separate counts, any one of which would have carried a mandatory life sentence without parole, or that, if he had rejected the plea deal the end result would have been a sentence shorter than the once he received. Notably, the record before this Court is devoid of any protestation of innocence by Francis before the post-

5

conviction court. (ECF No. 33, PageID 408). Accordingly, this Court agrees with the Magistrate Judge that Francis cannot meet the second prong under *Strickland*.

Francis next argues the state court's use of the plea colloquy further indicates the confusion between a *Boykin* claim and a *Strickland* claim. (ECF No. 34, PageID 411). But the state courts reviewed the colloquy not for *Boykin* purposes, but for *Strickland* purposes. As the Twelfth District (and the Magistrate Judge here) correctly observed, under Ohio law, post-conviction ineffective assistance of trial counsel claims must be based on evidence outside the record. *See State v. Cole*, 443 N.E.2d 169, 171–72 (Ohio 1982). Francis tendered the attorney affidavit in an effort to meet that threshold, and the Twelfth District reviewed that affidavit to see if it was sufficiently credible to support a post-conviction claim of ineffective assistance. (ECF No. 33, PageID 406).

On that issue, as the Magistrate Judge noted the state trial court "found that trial counsel's affidavit was plainly contradicted by the plea colloquy and therefore was insufficient substantive evidence on which to grant relief," and the Twelfth District agreed with that conclusion. (*Id*. at PageID 405). Thus, contrary to Francis's claims, the state courts *did* consider the evidence of the plea colloquy for *Strickland* purposes, and in light of that evidence found that Francis's *Strickland* claim fell short. Accordingly, this Court agrees with the Magistrate Judge that Francis failed to show that the state courts confused *Strickland* and *Boykin* on this ground as well.

Francis finally argues his case falls within an exemption to ADEA deference because the state court decisions were either, or both, unreasonable applications of law or determinations of fact. (ECF No. 34, PageID 412–13). A final determination on the merits is entitled to AEDPA deference. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)."). The only two exceptions to this deference are for unreasonable

application of clearly established federal law or unreasonable determinations of the facts in light of the evidence presented to the state court. *See* 28 U.S.C. §§ 2254(d)(1), (2). These exceptions do not "mean 'merely wrong' or even 'clear error'" but instead "only an 'objectively unreasonable' mistake … slips through the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir. 2019) (citations omitted). No state court made an objectively unreasonable mistake of fact or law in this case.

Finally, Francis objects to the Supplemental Report's recommendation refusing a certificate of appealability to the Sixth Circuit because "this is an unusually strong habeas case." (ECF No. 33, PageID 405). It is not. This Court agrees with the Magistrate Judge that Francis is not entitled to a certificate of appealability.

### III. CONCLUSION

The Magistrate Judge's Reports and Recommendations, including its refusal of a certificate of appealability, are therefore **ADOPTED**.

**SO ORDERED.**

January 16, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**